UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED KAPING,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,<br><br>    Defendants. | No. 2:18-cv-02980-JAM-CKD (PS)<br><br>ORDER |

Presently pending before the court is defendant Wells Fargo Bank, N.A.'s motion to dismiss, which the court took under submission without oral argument. (ECF Nos. 5, 11.) Pursuant to Local Rule 230(c), and the court's December 3, 2018 minute order (ECF No. 11), plaintiff was required to file an opposition or statement of non-opposition to the motion no later than January 16, 2019. That deadline passed without plaintiff filing an opposition, statement of non-opposition, or request for more time.

Out of an abundance of caution, and in light of the court's desire to resolve the action on the merits, the court provided plaintiff with an additional opportunity to oppose the motion. On January 28, 2019, the court ordered plaintiff to file any opposition no later than February 25, 2019. (ECF No. 13 at 2.) Plaintiff was cautioned that his failure to respond to the motion would be deemed to be his consent to dismissal of the action.

1

On February 25, 2019, plaintiff requested another extension of thirty to sixty days so that he could obtain a new attorney. (ECF No. 13.) According to plaintiff, he previously hired an attorney to file an opposition, but that attorney failed to do so. (Id.) The court notes that this is the first mention plaintiff has made of attempting to secure an attorney in this matter. Indeed, this is plaintiff's first filing in this matter since it was removed to federal court on November 15, 2018.

However, due to plaintiff's *pro se* status, and in light of the court's desire to resolve the action on the merits, the court will afford plaintiff an additional extension of time to provide an opposition. Plaintiff shall file his opposition by March 27, 2019, whether or not he has secured counsel.

**No further extension of time will be granted without a showing of good cause. Additionally, plaintiff is specifically admonished that he must comply with orders of this court as well as all other applicable law.** Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an opposition (ECF No. 13) is GRANTED IN PART on the terms of this order.
2. Plaintiff shall file any opposition to defendant's motion to dismiss no later than March 27, 2019.
3. Defendants' reply brief, if any, is due April 3, 2019.
4. Plaintiff is cautioned that failure to respond to the motion in compliance with this order will result in a recommendation that this action be dismissed.

Dated: February 27, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE