UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED KAPING,

    Plaintiff,

v.

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,

    Defendants.

No. 2:18-cv-02980-JAM-CKD (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

Presently pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. (ECF No. 5.) On December 3, 2018, the court took this matter under submission on the briefs without oral argument pursuant to Local Rule 230(g).[1] Plaintiff has failed to file a timely opposition. Upon review of defendant's briefing, the record, and the appropriate legal standards, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>BACKGROUND</u>

Plaintiff who proceeds without counsel, initiated this case against defendants in Placer County Superior Court on July 11, 2018, relating to foreclosure proceedings on a property in

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Auburn, California. (ECF No. 1 at 10-17.) Defendants removed this matter to federal court on November 14, 2018. (See ECF No. 1.) Shortly thereafter, defendant Wells Fargo filed the pending motion to dismiss. (ECF No. 5.)

On November 21, 2018, the court related this case to prior case <u>Kaping v. Barrett Daffin Frappier Treder & Weiss, LLP</u>, No. 2:17-cv-00697-JAM-CKD ("<u>Kaping I</u>"), after concluding that "[b]oth actions involve the same parties and property; as well as similar claims, events, and questions of fact and law." (ECF No. 6.)

Subsequently, the court took Well Fargo's motion to dismiss under submission. (ECF No. 11.) Plaintiff's opposition or statement of non-opposition was due by January 16, 2019. (<u>Id.</u>) After plaintiff failed to provide either, the court afforded plaintiff a second opportunity and ordered plaintiff to "file any opposition to defendant's motion to dismiss no later than February 25, 2019." (ECF No. 12 at 1.)

On February 25, 2019, plaintiff requested another extension of thirty to sixty days so that he could obtain a new attorney. (ECF No. 13.) Plaintiff failed to make an adequate showing for such a lengthy extension. However, "due to plaintiff's *pro se* status, and in light of the court's desire to resolve the action on the merits," the court afforded plaintiff an additional extension of time to provide an opposition, until March 27, 2019. (ECF No. 14 at 2.) The court warned plaintiff that the opposition would be due whether or not plaintiff had secured counsel and that no further extension of time would be granted absent a showing of good cause. (<u>Id.</u>) Plaintiff was also admonished that a failure to respond would result in a recommendation that this action be dismissed. (<u>Id.</u> at 3.)

The deadline having passed, plaintiff has failed to file an opposition. Thus, Wells Fargo's motion to dismiss is deemed unopposed. <u>See</u> E.D. Cal. L.R. 230(c).

A.  <u>Present Complaint</u>

In this matter, plaintiff brings three claims against defendants "for damages and equitable relief resulting from the Defendants' acts or omissions . . . concerning the residential mortgage loan transactions for Plaintiff's residence located at 1365 Shadow Rock Drive, Auburn, CA 95602." (ECF No. 1 at 10.) The gravamen of the complaint is that defendants had no right to

foreclose on the property because Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings") allegedly failed to transfer the loan to a securitized trust within a certain timeframe, and as a result "the Note and Deed of Trust were never transferred to Wells Fargo by any assignment of Deed of Trust." (ECF No. 1 at 1, 13.) Accordingly, plaintiff seeks a declaration that Wells Fargo "is not in fact the holder of the beneficial interest in Plaintiff's Loan" and "had no right to collect on the Subject Loan, nor did it have a right to attempt to foreclose on the Subject Property." (Id. at 14.)

B. Kaping I

In plaintiff's previous case against defendants, plaintiff brought eight claims alleging that the loan and deed of trust attached to the property at 1365 Shadow Rock Drive, Auburn, CA 95602 were void or unenforceable; that Wells Fargo had no beneficial interest in the deed of trust; and that Wells Fargo had no authority to foreclose. See generally Kaping I, ECF No. 1.

The court determined that the complaint in Kaping I "rest[ed] upon two fatally erroneous legal conclusions that [plaintiff] attempt[ed] to present as factual allegations: (1) that World [Savings] improperly table-funded his original loan in violation of Cal. Bus. & Prof. Code § 10234, which thereby rendered the Deed of Trust void as an illegal contract, and (2) that World [Savings] failed to record its assignment of the Deed of Trust to Wells Fargo." Kaping I, ECF No. 19 at 5. After a motion to dismiss, the court dismissed plaintiff's complaint without leave to amend. See Kaping I, ECF Nos. 4, 19, 22.

II. LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

III. DISCUSSION

Wells Fargo argues that plaintiff's claims are barred by res judicata, various statutes of limitations, lack of standing, failure to state a claim, and mootness. (See ECF No. 5 at 1-2.) The court may construe plaintiff's failure to file a timely opposition as a statement of non-opposition to Wells Fargo's motion to dismiss. E.D. Cal. L.R. 230(c). However, even assuming that the motion is opposed, plaintiff's complaint is barred by res judicata.

Res judicata or claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit has identified four

factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;

(2) whether substantially the same evidence is presented in the two actions;

(3) whether the two suits involve infringement of the same right; and

(4) whether the two suits arise out of the same transactional nucleus of facts. See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

There is an apparent identity between the parties in this case and Kaping I because in each case plaintiff Fred Kaping has brought claims against defendants Wells Fargo and Barrett Daffin Frappier Treder & Weiss LLP. Compare ECF No. 1 with Kaping I, ECF No. 1.

Additionally, the court's dismissal of the complaint in Kaping I without leave to amend (ECF Nos. 19, 22, 23) plainly constitutes a final judgment on the merits. "Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits." Nnachi v. City of San Francisco, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) (citing Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005)).

Finally, an analysis of the appropriate factors indicates that there is an identity of claims between the complaint here and the complaint in Kaping I. It is clear that this case and Kaping I arise out of the same transactional nucleus of facts. Each complaint brings claims regarding the validity of Wells Fargo's status as beneficiary to plaintiff's 2007 mortgage loan at the subject property in Auburn, CA. Compare ECF No. 1 with Kaping I, ECF No. 1. Indeed, the complaint here differs only in that plaintiff asserts a new legal theory in an attempt to reach the same result he sought in Kaping I—to prevent foreclosure by Wells Fargo. However, the Ninth Circuit has clearly held that "[u]nder federal law, [a plaintiff] does not avoid the bar of res judicata merely

because . . . he has pleaded a new legal theory." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).

Moreover, allowing plaintiff to proceed with the instant complaint would destroy Wells Fargo's interest in the finality of the dispute brought in Kaping I. Also, Wells Fargo would rely on the same documents in this matter to establish that it is the lawful beneficiary to the loan, as it did in Kaping I. Further, while plaintiff has dressed up this complaint in a new argument, it centers around the same essential issue as Kaping I—whether Wells Fargo has the right to initiate foreclosure proceedings as to the mortgage loan in question.

Therefore, plaintiff's claims here are barred by res judicata, and the complaint is subject to dismissal.

Dismissal is appropriate as to all defendants, even though only Wells Fargo has moved to dismiss. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

IV. CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motions to dismiss (ECF No. 5) be GRANTED.

2. Plaintiff's complaint be DISMISSED without leave to amend.

3. The Clerk of Court be ordered to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. The court's April 24, 2019 initial scheduling conference is VACATED.
2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 18, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14